FILED
March 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002506279

Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

In Re:

JONE E. KELLEY

SSN: xxx-xx-7240

Debtor.

Case No: 09-92898-E-7

Chapter 7 Case

DC No. SCF -1

Date: April 21, 2010
Time: 10:00 a.m
Place: 1200 "I" Street, Suite 4, Modesto, CA

**MOTION FOR AUTHORITY TO SELL NON- EXEMPT EQUITY**

**IN REAL PROPERTY TO DEBTOR**

TO:   The Honorable Ronald H. Sargis, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann ("Trustee"), pursuant to 11 U.S.C §363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtor's the non-exempt equity in certain personal property in exchange for a payment of $5,000.00, and in support respectfully represents:

1.   This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2.   On September 11, 2009 the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtor's interest in the following real property (the "Property") to which the Debtor assigned the following fair market value in her Bankruptcy Schedule A:

    a. 940 Willow Lake Way, Ceres, CA . . . . . . $118,000.00

    Total Value:     $118,000.00

4. The trustee is informed and believes that said Property is encumbered and that the Debtor does not have possession of the deed thereto. The Debtor's bankruptcy Schedules reflect a 91,000.00 security interest claimed by a secured creditor in the Property believed to be Bank of America.

5. The Debtor has asserted an exemption in the Property pursuant to California Code of Civil Procedure ("CCP") §703.140(b)(5) in the amount of $15,610.00.

6. The Trustee believes that the Property has a fair market value of approximately $118,000.00. Given the secured claim of Bank of America in the amount of $91,000 and the exemption claimed by Debtor in the amount of $15,610.00, the non-exempt equity in the Property is approximately $11,390.00 less the cost of marketing and sale.

7. The Debtor wishes to retain the Property and desires to purchase the non-exempt equity in the Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtor have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtor shall pay the bankruptcy estate the total cash sum of $5,000.00 (the "Purchase Amount") for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtor's bankruptcy estate. Upon payment of the Purchase Amount, the Debtor shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. The Trustee believes that the sale of the non-exempt equity in the Property to Debtor is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtor.

Dated: 3/23/10

Stephen C. Ferlmann
Chapter 7 Bankruptcy Trustee