Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Modesto Division)

In Re:

JONE E. KELLEY

SSN: xxx-xx-7240

Debtor.

Case No: 09-92898-E-7

Chapter 7 Case

DC No. SCF -1

Date: April 21, 2010
Time: 10:00 a.m
Place: 1200 "I" Street, Suite 4, Modesto, CA

**LIST OF EXHIBITS IN SUPPORT OF MOTION FOR**

**AUTHORITY TO SELL NON- EXEMPT EQUITY IN**

**REAL PROPERTY TO DEBTOR**

Exhibit 1- Equity Sale Agreement . . . . . . . . . . . . . . . 2-5

FILED
March 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002506287

# EQUITY SALE AGREEMENT

This Equity Sale Agreement (the "Agreement") dated January _15_, 2010, is entered into by Jone E. Kelley (the "Debtor"), and Stephen C. Ferlmann, the Chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate.

## Recitals

A.  The Debtor filed a voluntary Chapter 7 petition September 11, 2009, Case No. 09-92898- D-7 (the "Bankruptcy Case"), pending in the Modesto Division of the Bankruptcy Court of the Eastern District of California (the "Court"). Stephen C. Ferlmann was duly appointed Chapter 7 Trustee of the bankruptcy estate.

B.  The Debtor submitted schedules disclosing an interest in her residence located at 940 Willow Lake Way, Ceres, California (the "Real Property"). Debtor assigned the Real Property a value of $ 118,000.00. The Real Property is encumbered with a claim of $ 91,000.00. The Debtor has claimed an exemption in the amount of $15,610.00 pursuant to California Code of Civil Procedure ("CCP") § 703.140 (b)(5) of the equity in the Real Property. The Trustee believes the fair market value for the Real Property is $132,000.00.

C.  The Debtor wishes to retain the Real Property and desires to purchase the non-exempt equity in the Real Property from the bankruptcy estate.

**NOW, THEREFORE**, the Trustee and Debtor agree as follows:

1.  The Debtor shall pay the Trustee the total cash sum of $5,000.00 (the "Purchase Amount") for the non-exempt equity in the Real Property.

2.  Notwithstanding the Debtor's assertion of an exemption in the amount of $15,610.00 pursuant to California Code of Civil Procedure ("CCP") § 703.140 (b)(5), the

Purchase Amount shall be non-exempt property of the Debtor's bankruptcy estate. Upon payment of the Purchase Amount, the Debtor shall retain possession of the Real Property and the Real Property shall cease being property of the bankruptcy estate.

3. Trustee shall provide notice of the terms of the agreement to creditors and parties-in-interest in the bankruptcy case, and shall file a motion to obtain authority from the Court to enter into the Agreement. In the event the Court does not approve the Agreement or a timely appeal of an order approving the Agreement is taken, the Agreement shall be null and void, the Trustee shall return any part of the Purchase Amount paid by the Debtor to the Trustee, and the parties shall be restored to the status quo ante.

4. The parties hereto acknowledge that the fact of this Agreement and obligations created hereunder do not constitute an admission of concession of liability by any party to any other party on account of the matters or claims compromised herein.

5. The parties warrant that no promise, inducement or agreement not expressed herein has been made to them in connection with this Agreement, and that this Agreement constitutes the entire agreement between the parties. It is expressly understood and agreed that this agreement may not be altered, amended, modified or otherwise changed by authorized representatives of the parties hereto, specifying that it amends this Agreement. The parties hereto agree and acknowledge that they will make no claim at any time or place that this Agreement has been orally altered or modified or otherwise changed by oral communication of any kind or character.

6. The parties warrant that the persons signing below are authorized to sign the Agreement on their behalf and to bind them to the terms of the Agreement. The

Debtor represents herself with respect to this Agreement and that the Debtor has been fully advised concerning the effect of the Agreement.

7. The parties shall execute all such documents and take all such actions as may be necessary and reasonable to effect the consummation of this Agreement and the transactions contemplated by this Agreement. Each party agrees to take no action to hinder, delay or frustrate the consummation of this Agreement and the transactions contemplated by this Agreement.

8. The parties agree to bear their own attorney's fees and costs in connection with this Agreement. However, in the event of a breach of this Agreement by another party to this Agreement, the breaching party will pay reasonable attorney's fees and costs of the non-breaching party incurred by reason of said breach. All disputes relating to the terms of this Agreement shall be resolved by the Court.

9. Should any provision of this Agreement be held invalid or illegal, such illegality shall not invalidate the whole of this Agreement, but, rather, the Agreement shall be construed as if it did not contain the illegal part, and the rights and obligations of the parties shall not be construed and enforced accordingly.

10. The document may be executed in duplicate originals, each of which is equally admissible in evidence. The Agreement shall become effective when all parties have signed the same or separate copies thereof.

11. This Agreement shall be binding upon the assigns and successors to the parties, including any successor trustee in the Bankruptcy Case.

12. For purposes of interpretation of the Agreement in the event of an ambiguity in any term or provision in the Agreement, neither party shall be deemed to

have drafted this Agreement, but, instead, the Agreement shall be deemed to have been drafted by all parties hereto.

13. This Agreement shall be construed and enforced pursuant to the laws of the State of California.

Dated: 3-23-10

_____
Stephen C. Ferlmann, Trustee

Dated: 1-15-10

_____
Jone E. Kelley, Debtor